# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JASON TIPTON,

    **Plaintiff,**

v.

    **Civil Action 2:11-cv-00719**
    **Judge Michael H. Watson**
    **Magistrate Judge E.A. Preston Deavers**

GARY MOHR, *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of various pending Motions. At this time the Court will consider Plaintiff's Motion to Appoint Counsel, Motion to Certify Class Action, and Request for Preliminary Injunctive Relief.[1] (ECF Nos. 11–13) For the reasons that follow, Plaintiff's Motion to Appoint Counsel is **DENIED**. It is further **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Certify Class Action and Request for Preliminary Injunctive Relief.

## I.

Plaintiff, a *pro se* prisoner incarcerated at the Warren County Correctional Institution ("WCI"), brings this action pursuant to 42 U.S.C. § 1983. It appears from the Complaint that Plaintiff is a convicted sex offender. According to Plaintiff, Defendants are violating his equal protection rights under the Fourteenth Amendment by discriminating against sex offenders.

Plaintiff contends that the Ohio Department of Rehabilitation and Correction ("ODRC") offers inmates at WCI rehabilitation programs designed to assist them with re-entry into society.

---

[1] The Court will consider Plaintiff's Motion to Amend and Defendants' Motion for Judgment on the Pleadings at a later time.

These programs fall within different categories including "Marital/Family Interaction." According to Plaintiff, one such program within this category is named the "Inside/Out Dad" program. Plaintiff asserts that he was denied admission into Inside/Out Dad because of an ODRC policy prohibiting sex offenders from participating in this program.

Plaintiff has moved the Court to appoint counsel and certify this case as a class action. Plaintiff also appears to be moving the Court for a preliminary injunction. Specifically, within Plaintiff's Complaint he requests preliminary injunctive relief. Plaintiff has also attached a "Declaration" to his Motion to Certify Class Action, referencing Federal Rule of Civil Procedure 65(a). Defendants have responded in opposition to Plaintiff's Motion to Certify Class Action and Request for Preliminary Injunctive Relief.

## II.

**A.     Motion to Appoint Counsel**

The Court will first address Plaintiff's Motion to Appoint Counsel. The United States Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases . . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). Accordingly, although the Court has the statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations.

Here, at this early stage, the Court does not find that circumstances exist justifying the appointment counsel. Plaintiff contends that the Court should appoint counsel because he is unable to afford an attorney and because his imprisonment will place limitations on his ability to litigate this case. Nevertheless, such factors would apply to nearly every *pro se* prisoner

2

proceeding *in forma pauperis* and do not constitute extraordinary circumstances. Furthermore, Plaintiff has already demonstrated that he is capable of engaging in motion practice and responding to arguments of the opposing party. Accordingly, at this time, Plaintiff's Motion to Appoint Counsel is **DENIED**. (ECF No. 12.) If Plaintiff's actions is able to survive the summary judgment stage, the Court may revisit the appointment of counsel.

**B.     Motion to Certify Class Action**

Plaintiff also moves the Court to Certify his Complaint as a class action pursuant to Federal Rule of Civil Procedure 23. Rule 23 requires a representative party seeking to bring a class action to demonstrate that:

(1)     [T]he class is so numerous that joinder of all members is impracticable;
(2)     there are questions of law or fact common to the class;
(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, a court may not certify a class action unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a). The plaintiff bears the burden of establishing Rule 23(a)'s requirements. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir.1996).

As Defendants note, the Sixth Circuit has held that "[*p*]*ro se* prisoners generally may not bring class action lawsuits concerning prison conditions." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). One reasons for this policy is that "it has generally been held that a *pro se* prison inmate may not maintain a class action because the inmate is not deemed to be able adequately to represent the interests of the class." *Brown v. Collins*, No. 2:07-cv-0826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008).

3

Here, Plaintiff maintains, in conclusory fashion, that the prerequisites of Rule 23(a) are met. The undersigned disagrees. At a minimum, Plaintiff's Motion to Certify Class Action fails because Plaintiff, as a *pro se* prisoner, is unable to adequately protect the interests of a class. In reaching this conclusion, the undersigned recognizes that Plaintiff desires counsel in this case. Nevertheless, for the reasons described above, Plaintiff's Motion to Appoint Counsel is denied.[2] If the Court does appoint counsel at a later time, this may reopen the issue of class certification. *See Brown v. Hurwood*, No. 2:10-cv-880, 2011 WL 63591, at *1 (S.D. Ohio Jan. 6, 2011) ("It would certainly be possible that if counsel were subsequently appointed for [the plaintiff], counsel could move for class certification, and with counsel's assistance, [the plaintiff] could serve a class representative."). Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Certify Class Action. (ECF No. 13.)

**C.     Request for Preliminary Injunctive Relief**

Finally, within his Complaint and subsequent Declaration, Plaintiff appears to be requesting a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). The Sixth Circuit has emphasized that "[a] preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted). In determining whether to issue a preliminary injunction, the Court must consider:

> (1) whether the movant has a strong likelihood of success on the merits; whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public

---

[2] Furthermore, at least under the current circumstances of this case, the fact that Plaintiff is moving to certify a class does not constitute extraordinary circumstances for the purposes of appointment of counsel.

interest would be served by the issuance of the injunction.

*Hunter v. Hamilton Cnty Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011) (internal quotations omitted). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Caruso*, 569 F.3d at 265 (internal quotations omitted). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Wilson v. Lexington-Fayette Urban Cnty Gov't*, 201 F. App'x 317, 321 (6th Cir. 2006) (internal quotations omitted).

Here, Plaintiff has not satisfied his burden of establishing that the circumstances clearly demand a preliminary injunction. Most notably, Plaintiff has not established a likelihood of success in this case. As noted above, Plaintiff brings this action against Defendants alleging a denial of equal protection. To succeed on his equal protection claim Plaintiff must demonstrate that Defendants made distinctions that (1) burdened a fundamental right, (2) targeted a suspect class, or (3) intentionally treated an individual differently from others similarly situated without a rational basis. *See Umani v. Michigan Dept. of Corrs.*, 432 F. App'x 453, 458 (6th Cir. 2011). Accordingly, "[w]here . . . no suspect class or fundamental right is implicated, governmental action subject to equal protection scrutiny under the rational basis test must be sustained if any conceivable basis rationally supports it." The rational basis test places the stringent burden on a plaintiff of "demonstrating that the challenged action had no rational basis . . . ." *Ziss Bros. Const. Co., Inc. v. City of Independence, Ohio*, No. 10–3524, 2011 WL 3795734, at *9 (6th Cir. Aug. 29, 2011). In other terms, "[t]he rational basis test means that courts will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that

5

the government's actions were irrational." *Id.* at 9.

In this case, Plaintiff asserts that he is being denied access to one of the ODRC's rehabilitation programs because of his status as a sex offender. As Defendants note, Plaintiff does not have a fundamental right to participate in a rehabilitation program. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Additionally, for purposes of the Equal Protection Clause, "[c]onvicted sex offenders are not a suspect class." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999). Consequently, to succeed on his claim, Plaintiff must establish that Defendants had no rational basis for prohibiting sex offenders from participating in the relevant rehabilitation program. Defendants indicate that the policy in question is designed to conserve government resources as well as to preserve order and safety. Although Plaintiff appears to contest Defendants' assertions, he has not provided the Court with sufficient information or evidence for the Court to conclude, at this early stage, that he is likely to establish that Defendants lacked any rational basis for this policy. Furthermore, especially given Plaintiff's failure to establish a likelihood of success, the other balancing factors do not tip the scales in favor of a preliminary injunction.

Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Request for Preliminary Injunctive Relief. (ECF Nos. 11, 13.)

**III.**

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel is **DENIED**. (ECF No. 12.) It is further **RECOMMENDED** that the Court **DENY** Plaintiff's Motion to Certify Class Action and request for Preliminary Injunctive Relief. (ECF Nos. 11, 13.)

6

**IV.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 22, 2011                     /s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge