# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JASON TIPTON,**

    **Plaintiff,**

v.

    **Civil Action 2:11-cv-00719**
    **Judge Michael H. Watson**
    **Magistrate Judge E.A. Preston Deavers**

**GARY MOHR,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 19) and the Motion of Defendants for Judgment on the Pleadings (ECF No. 24). Plaintiff seeks to amend his Complaint to add Defendants Jane/John Doe, Sandy Crawford, and Norm Evans to this action. Additionally, current Defendants Gary Mohr, Ed Voorhies, and Gary Croft move for judgment on the pleadings, contending that Plaintiff has failed to state a claim and exhaust administrative remedies. For the reasons that follow, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**. Pursuant to an initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the new Defendants for failure to state a claim. Furthermore, it is **RECOMMENDED** that the Court **GRANT** the Motion to Dismiss and **DISMISS** Plaintiff's actions against the current Defendants.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se*, is a prisoner incarcerated at the Warren County Correctional Institution ("WCI"), serving a nine year sentence for convictions of rape and

pandering sexual material involving minors. He brings this action pursuant to 42 U.S.C. § 1983, asserting that Defendants are violating his equal protection rights under the Fourteenth Amendment by discriminating against sex offenders.

Plaintiff contends that the Ohio Department of Rehabilitation and Correction ("ODRC") offers inmates at WCI certain rehabilitation programs designed to assist them with re-entry into society. These programs fall within different categories including "Marital/Family Interaction." According to Plaintiff, one such program within this category is named the "Inside/Out Dad" program. Plaintiff asserts that he was denied admission into Inside/Out Dad because of an ODRC policy prohibiting sex offenders from participating in this program. Plaintiff contends that the Inside/Out Dad program is the only rehabilitation program, outside of offense or gender specific programs, that denies a specific group of offenders participation.

Defendants Croft, Mohr, and Voorhies were served on September 23, 2011. On October 7, 2011, Plaintiff moved to file an amended complaint. Plaintiff seeks to add Defendant Jane/John Doe as the person who created the policy in question. Additionally, Plaintiff seeks to add claims against Defendants Sandy Crawford and Norm Evans for their roles in denying Plaintiff access to the program. Outside of allegations related to these changes, Plaintiff's proposed Amended Complaint contains the same basic factual assertions concerning his equal protection claim.

Following the filing of Plaintiff's Motion for Leave to Amend, Defendants Mohr, Voorhies, and Croft moved for judgment on the pleadings. Defendants note that at the time Plaintiff moved for leave to amend he was allowed to do so as a matter of right. They, therefore, do not oppose amendment. Defendants contend, however, that even with amendment, Plaintiff fails to state any equal protection claim. Defendants stress that Plaintiff's claims fail to implicate

a suspect class or fundamental right. Additionally, Defendants contend that Plaintiff fails to plausibly allege that any Defendant acted without a rational basis. Defendants submit that rational justifications for the policy in question include the conservation of resources as well as the preservation of order and safety. Finally, Defendants also maintain that Plaintiff has failed to properly exhaust administrative remedies pursuant to the Prison Litigation Reform Act.[1]

## II. STANDARD

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion for failure to state a claim under Rules 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see*

---

[1] Because Plaintiff's Amended Complaint fails to state a facially plausible claim, the Court declines to reach this issue regarding exhaustion.

*also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

### III. ANALYSIS

**A.      Motion for Leave to File Amended Complaint**

As a preliminary matter, the Court will address Plaintiff's Motion for Leave. Under the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1). In this case, Plaintiff moved to amend his Complaint within 21 days of service. Accordingly, Plaintiff was entitled to amend as a matter of right. Plaintiff's Motion for Leave to File an Amended Complaint, therefore, is **GRANTED**.[2] The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 19-1) and add Jane/John Doe, Sandy Crawford, and Norm Evans as Defendants in this action.

Plaintiff, however, is proceeding *in forma pauperis* in this action. The Amended

---

[2] Although the Court grants Plaintiff's Motion for Leave, it is unnecessary to stay consideration of Defendants' Motion for Judgment on the Pleadings because the Motion accounts for the Amended Complaint.

Complaint, therefore, is still subject to an initial screen pursuant to 28 U.S.C. § 1915(e)(2). In particular, the Court is required to dismiss Plaintiff's action if, at any time, it determines that Plaintiff has failed to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court applies the same basic pleading standards to an initial screen that it would for a motion to dismiss or for judgment on the pleadings. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). For the reasons outlined below, Plaintiff's action fails to state a facially plausible equal protection claim against any Defendant. It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants Jane/John Doe, Sandy Crawford, and Norm Evans for failure to state a claim.

**B.     Equal Protection Claim**s

Plaintiff brings equal protection claims against all Defendants in this action. He specifically maintains that Defendants have violated his right to equal protection under the Fourteenth Amendment by prohibiting him, as a sex offender, from participating in the Inside/Out Dad rehabilitation program.

The Fourteenth Amendment prohibits states from denying any person "equal protection of the laws." U.S. Const. amend. XIV, § 1. As the United States Court of Appeals for the Sixth Circuit has held "[t]he Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).

"'Where . . . no suspect class or fundamental right is implicated, governmental action subject to equal protection scrutiny under the rational basis test must be sustained if any

conceivable basis rationally supports it.'" *Ziss Bros. Const. Co., Inc. v. City of Independence, Ohio*, 439 F. App'x 467, 475–76 (6th Cir. 2011) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 790 (6th Cir. 2005)). Under the rational basis test "courts will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational." *Id.* at 476 (internal quotations omitted). "A plaintiff may demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Michigan*, 470 F.3d 286, 298 (6th Cir. 2006) (internal quotations omitted).

Under rational basis review, the government entity "has no obligation to produce evidence to sustain the rationality of its action; its choice is presumptively valid and 'may be based on rational speculation unsupported by evidence or empirical data.'" *TriHealth, Inc.*, 430 F.3d at 790 (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 315 (1993)); *see also Club Italia Soccer*, 470 F.3d at 298 ("Under rational basis review, Defendant need not offer any rational basis so long as this Court can conceive of one; the burden falls entirely to Plaintiff to show there is no rational basis, not the other way around."). Furthermore, a government's classification will not "be deemed to lack rational justification simply because it 'is not made with mathematical nicety or because in practice it results in some inequality.'" *TriHealth, Inc.*, 430 F.3d at 790–91 (quoting *Beach Commc'ns*, 508 U.S. at 316 n.7).

Finally, applying general pleading standards to the rational basis review "poses unique challenges." *Immaculate Heart Central Sch. v. New York State Public High Sch. Athletic Assoc.*,

797 F. Supp. 2d 204, 211 (N.D.N.Y. 2011). Under the applicable pleading standards, to state a facially plausible rational basis claim a plaintiff must plead sufficient facts for the Court to reasonably infer that government action either was wholly irrational or motivated by animus. *See Iqbal*, 129 S.Ct. at 1949; *Club Italia Soccer*, 470 F.3d at 298. As some federal courts have suggested "to get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)); *see also Rennick v. City of Cincinnati*, No. 1:06-CV-00580, 2009 WL 2827944, at *2 (S.D. Ohio Sept. 2, 2009) (applying *Wroblewski* standard); *Gilmore v. Cnty. of Douglas, State of Nebraska*, 406 F.3d 935, 937 (8th Cir. 2005) ("[A]ll that must be shown is any reasonably conceivable state of facts that could provide a rational basis for the classification[;] it is not necessary to wait for further factual development in order to conduct a rational basis review on a motion to dismiss.") (internal quotations omitted). The Sixth Circuit has applied a similar approach. *See Midkiff v. Adams Cnty Reg'l Water Dist.*, 409 F.3d 758, 771 (6th Cir. 2005) (affirming dismissal of equal protection claim, under rational basis review, where the plaintiff's pleadings failed to overcome the presumed validity of the government's policy).

In this case, Plaintiff fails to state a facially plausible claim under the equal protection clause against any Defendant. As detailed above, Plaintiff maintains that Defendants have violated his equal protection rights by excluding sex offenders, specifically, himself, from Inside/Out Dad, which is a rehabilitation program presumably focused on a father's interaction with his children. Nevertheless, Plaintiff does not have a fundamental right to participate in a rehabilitation program. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners

7

have no constitutional right to rehabilitation, education, or jobs."). Furthermore, the fact that certain incentives are tied to such programs does not create a fundamental right.[3] *Cf. Manning v. Unknown Parties*, 56 F. App'x 710, 710–11 (6th Cir. 2003) (holding that a prisoner did not have a constitutional right to rehabilitation programming even when he alleged programming was necessary to make him eligible for early release). Additionally, for purposes of the Equal Protection Clause, "[c]onvicted sex offenders are not a suspect class." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999).

Accordingly, rational basis review applies, and Plaintiff must plead sufficient facts to indicate that Defendants acted with no conceivable basis or were motivated by animus or ill-will. Both Plaintiff's original Complaint and Amended Complaint lack any factual allegations regarding Defendants' motivation for excluding sex offenders in the Inside/Out Dad program. In moving for judgment on the pleadings, Defendants indicate that rational bases for the policy in question include conserving financial resources and preserving order and safety.

In opposing Defendants' Motion, Plaintiff sets forth various factual allegations not included in his Complaints. With regard to financial resources, Plaintiff contends that when one prisoner does not participate another takes his place. Additionally, Plaintiff submits that program facilitators are paid the same amount of money regardless of the number of participants. As to safety and order concerns, Plaintiff asserts that the program does not involve any actual contact with children. Plaintiff also stresses that prisoners convicted of child endangerment are allowed into the program. Finally, Plaintiff maintains that sex offenders who

---

[3] In opposing dismissal, Plaintiff stresses that prisoners who complete rehabilitation programming receive various incentives. The Court notes, however, that Plaintiff's Amended Complaint indicates that he is not being denied rehabilitation programming in general, but only access to the Inside/Out Dad program.

participate in rehabilitation programming have a lower recidivism rate.

Here, even considering the factual allegations within Plaintiff's briefing, the undersigned cannot reasonably infer that Defendants have acted irrationally or that ill-will motivated their conduct. Plaintiff has not alleged sufficient facts to indicate that Defendants acted with no conceivable basis. In fact, Plaintiff is not able to overcome the few potential justifications Defendants have provided. For example, the ODRC and WCI certainly have a legitimate interest in preserving order in their rehabilitative programming. Even assuming that the Inside/Out Dad program does not involve actual contact with children, Defendants could still have a justifiable concern regarding how sex offenders would interact in a program involving the subject matter of children. In other terms, Defendants could reasonably speculate that the risk of allowing sex offenders into such a program was greater than the risk of allowing other types of offenders to participate in Inside/Out Dad. At best, the facts Plaintiff provides suggest that Defendants' policy is unwise or imprecisely drawn. When conducting a rational basis review, however, does not require the Court may not question the wisdom or breadth of a policy. Moreover, Plaintiff's allegations suggest little, if any, reason to infer Defendants were acting out of ill-will. Accordingly, Plaintiff's pleadings fail to overcome the presumption of rationality.[4]

---

[4] It is noteworthy that federal courts have permitted restrictions on sex offenders in a variety of contexts. *See, e.g.*, *Bell v. Woods*, 382 F. App'x 391, 392-393 (5th Cir. 2010) (holding that prohibition of sexual offenders from computer use was rationally related to a legitimate government interest); *Stauffer v. Gearhart*, No. H–08–1587, 2011 WL 2490062, at *6 (S.D. Tex. June 20, 2011) (prohibiting prisoners in sex offender treatment program from receiving magazines known to have suggestive material was rationally related to a legitimate interest); *Fandrich v. Raemisch*, No. 08-cv-726, 2009 WL 62152, at *3 (W.D. Wis. Jan. 8, 2009) (finding conceivable rational basis for removing sex offenders from work positions in which they tutored other inmates).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**. (ECF No. 19.) The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 19-1) and add Jane/John Doe, Sandy Crawford, and Norm Evans as Defendants in this action. Pursuant to an initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against these new Defendants for failure to state a claim. Finally, it is **RECOMMENDED** that the Court **GRANT** the Motion of Defendants for Judgment on the Pleadings (ECF No. 24) and **DISMISS** Plaintiff's claims against Defendants Gary Mohr, Ed Voorhies, and Gary Croft for failure to state a claim.

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: March 27, 2012                    /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge